UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| ALBERTO CARDONA, | § |
| | § |
| *Plaintiff*, | § |
| v. | § |
| | §   EP-21-CV-00142-DCG |
| KILOLO KIJAKAZI, *in her official capacity as Acting Commissioner of the Social Security Administration*, | § |
| | § |
| *Defendant*. | § |

## MEMORANDUM OPINION AND ORDER

Plaintiff Alberto Cardona objects to the Magistrate Judge's Report and Recommendation that this Court affirm Defendant Kilolo Kijakazi's, the Acting Commissioner of the Social Security Administration, decision to deny Plaintiff's claims for disability insurance benefits and supplemental security income. Objs., ECF No. 19. Because the Commissioner did not apply the proper legal standard for determining whether Plaintiff's impairments are severe within the meaning of the Social Security Act, this Court REMANDS this case to the Social Security Administration so the ALJ can assess Plaintiff's claims in light of this Memorandum Opinion and Order.

### I.   BACKGROUND

On April 29, 2019 and May 6, 2019, Plaintiff filed applications with the Social Security Administration for disability insurance benefits and supplemental security income under Title II and Title XVI of the Social Security Act, respectively. R. 72–73. Plaintiff alleged that his disability began on January 15, 2019. R. 75, 81. He alleged the following disabilities (or impairments): major depressive disorder, generalized anxiety disorder, gastroesophageal reflux disease, diabetes mellitus (type II), feet and hands problem, and hypertension. *Id.*

The Commissioner first denied Plaintiff's applications, reasoning that Plaintiff was not disabled. R. 75–87. An Administrative Law Judge (ALJ) later held a de novo hearing on Plaintiff's applications. R. 34–71. In a written decision, the ALJ denied Plaintiff's applications. R. 18–26. The Appeals Council then affirmed the ALJ's decision. R. 1–6.

Plaintiff filed his Complaint in this Court. Compl., ECF No. 1. The Court then referred this case to Magistrate Judge Robert F. Castañeda. Judge Castañeda issued his Report and Recommendation on August 23, 2022, recommending that this Court affirm the Commissioner's decision to deny Plaintiff's applications. R. & R., ECF No. 18. Plaintiff timely filed his objections to the Report and Recommendation. Objs., ECF No. 19. The Commissioner did not file objections or a response to Plaintiff's objections. The Report and Recommendation is ripe for this Court's consideration.

## II.   DISCUSSION

### A.  Standard for Reviewing Report and Recommendations

When a party files timely written objections to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3); *United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("[I]n providing for a '*de novo* determination,' rather than *de novo* hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations."). After completing its review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3).

As to other portions—that is, the unobjected-to portions—of the magistrate judge's report and recommendation, the district court reviews the report and recommendation for clear error, an abuse of discretion, or conclusions that are contrary to law.  *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).  "A factual finding is clearly erroneous when, based on the evidence as a whole, [the court is] left with the definite and firm conviction that a mistake has been made." *Realogy Holdings Corp. v. Jongebloed*, 957 F.3d 523, 530 (5th Cir. 2020) (quotations omitted).

### B. Standard for Reviewing the Social Security Commissioner's Decision

A court's review of the Commissioner's final decision is limited to determining (1) whether the final decision is "supported by substantial evidence" and (2) whether the Commissioner applied the proper legal standards.  *E.g.*, 42 U.S.C. § 405(g); *Sun v. Colvin*, 793 F.3d 502, 508 (5th Cir. 2015) (quotation omitted).

Substantial evidence is "more than a mere scintilla and less than a preponderance"—it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005) (cleaned up).  In reviewing the evidence, a court must "scrutinize[] the record" but it "may not reweigh the evidence or substitute its judgment for the Commissioner's."  *Id.*  If the Commissioner's findings of fact are supported by substantial evidence, they are conclusive.  42 U.S.C. § 405(g); *Perez*, 415 F.3d at 461.

### C. Disability Determination

#### *1. Process for Determining Whether a Claimant Is Disabled*

Under the Social Security Act, "disability" means an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also id.* §§ 423(d)(2), (3) (providing more

detailed instructions for determining whether an individual is disabled under the Act). To determine whether an individual (or claimant) is disabled, the Commissioner applies a five-step sequential process, which asks:

(1) whether the claimant is currently performing substantial gainful activity;

(2) whether the claimant has a severe medically determinable physical or mental impairment;

(3) whether the claimant's impairment meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1;

(4) whether the claimant's impairment prevents them from doing past relevant work; and

(5) whether the claimant's impairment prevents them from performing any other substantial gainful activity.

20 C.F.R. § 404.1520(a); *Salmond v. Berryhill*, 892 F.3d 812, 817 (5th Cir. 2018) (quoting *Kneeland v. Berryhill*, 850 F.3d 749, 753 (5th Cir. 2017)). The Commissioner separately and sequentially evaluates each step in the five-step process—that is, if the Commissioner finds that a claimant is not disabled at any one step, the Commissioner will determine eligibility at that step and "not go on to the next." 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four; the Commissioner bears the burden at step five. *E.g.*, *Salmond*, 892 F.3d at 817.

### 2. The Commissioner's Determinations in This Case

The Commissioner first determined that Plaintiff had "not engaged in substantial gainful activity since January 15, 2019, the alleged onset date." R. 20–21. In other words, Plaintiff met his burden at step one to show he was not currently performing substantial gainful activity. *See id.* So the Commissioner moved to the second step and found that Plaintiff has a number of

medically determinable impairments,[1] but that none of them are severe—that is, alone or in combination, Plaintiff's impairments do not "significantly limit[] (or [are not] expected to significantly limit) [his] ability to perform basic work-related activities for 12 consecutive months."  R. 21; *see also* R. 25.  Because the Commissioner found that none of Plaintiff's medical impairments are severe, she concluded that Plaintiff is not disabled under the Act. R. 21–25.  The Commissioner did not evaluate steps three through five of the sequential process. R. 25–26; *see also* 20 C.F.R. § 404.1520(a)(4).

### D. Analysis

The Magistrate Judge recommends that this Court affirm the Commissioner's decision. Plaintiff argues that this Court should reject the Magistrate Judge's recommendation because (1) the ALJ did not properly evaluate whether Plaintiff has severe impairments and (2) the Magistrate Judge incorrectly concluded that the ALJ properly evaluated Plaintiff's subjective complaints.  Objs. at 1–4.  As for whether the ALJ properly analyzed the severity of Plaintiff's impairments, Plaintiff seems to argue that the ALJ did not apply the proper legal standard, and even if he did, his decision is not supported by substantial evidence.  *See id.* at 1–2 (arguing the ALJ did not apply "the proper measure of severity" and explaining that evidence shows "Plaintiff had severe anxiety episode [sic] with panic attacks" (emphasis removed)).

The Court agrees that the ALJ did not apply the proper legal standard for determining whether Plaintiff's impairments are severe.  The relevant regulation says this about severe impairments: "If [the claimant] do[es] not have any impairment or combination of impairments which *significantly limits* [their] physical or mental ability to do basic work activities, [the

---

[1] The Commissioner found that Plaintiff has the following medically determinable impairments: hypertension, type II diabetes mellitus, hypercholesterolemia, vitamin D deficiency, obesity, depression, and anxiety.  R. 21.

Commissioner] will find that [the claimant] do[es] not have a severe impairment and [is], therefore not disabled." 20 C.F.R. § 404.1520(c) (emphasis added). But in a line of cases, the Fifth Circuit has stated and reaffirmed its view that the regulatory definition of "severe impairment" is inconsistent with how the Social Security Act defines disability. *E.g.*, *Estran v. Heckler*, 745 F.2d 340, 341–42 (5th Cir. 1984); *Stone v. Heckler*, 752 F.2d 1099, 1101 (5th Cir. 1985); *Loza v. Apfel*, 219 F.3d 378, 390–93 (5th Cir. 2000); *Salmond*, 892 F.3d at 817; *Keel v. Saul*, 986 F.3d 551, 555–56 (5th Cir. 2021).

So under Fifth Circuit precedent, "an impairment can be considered as not severe only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Stone*, 752 F.2d at 1101 (cleaned up). Put differently, "an impairment is severe if it is anything more than a 'slight abnormality' that 'would not be expected to interfere' with a claimant's ability to work." *Salmond*, 892 F.3d at 817. "To show a severe impairment at step two, claimants must only make 'a *de minimis* showing' that the impairment is 'severe enough to interfere with' their ability to work." *Grennan v. Comm'r of Soc. Sec.*, No. 4:21-cv-00645, 2022 WL 2056277, at *5 (N.D. Tex. May 23, 2022) (quoting *Anthony v. Sullivan*, 954 F.2d 289, 293 n.5 (5th Cir. 1992)), *report and recommendation adopted*, 2022 WL 2053168 (N.D. Tex. Jun. 7, 2022); *see also Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987); *Salmond*, 892 F.3d at 817.

ALJs must scrupulously apply this standard. In fact, there is a presumption that an ALJ applied the wrong legal standard in "cases where the disposition has been on the basis of nonseverity"—that is, where an ALJ ends their analysis after step two—and the ALJ does not cite to or otherwise invoke the proper legal standard. *See Stone*, 752 F.2d at 1106; *Keel*, 986 F.3d at 555 ("ALJs are bound not just to use [the *Stone*] standard but also to cite it (or to an

equivalent authority) in their written decisions; we presume that an ALJ applied the wrong severity standard if it does not."). This does not mean an ALJ must use "magic words," but an ALJ must provide some indication that they applied the correct legal standard. *Keel*, 986 F.3d at 556 (quoting *Hampton v. Bowen*, 785 F.2d 1308, 1311 (5th Cir. 1986)). For example, a court may uphold an ALJ's application of the legal standard when they rely on Social Security Ruling (SSR) 85-28, which uses language similar to *Stone*.[2] *See id.* (holding SSR 85-28 comports with *Stone*).

Citing the standard, however, is also not "magic words." What matters is the application of the standard. As much as an ALJ can properly apply the standard without explicitly invoking the language of *Stone* or SSR 85-28, an ALJ can explicitly invoke the language of *Stone* or SSR 85-28 but not, in fact, apply the proper standard. *Cf. Keel*, 986 F.3d at 555–56 (explaining that there must be an "indication the ALJ applied the correct standard" (quotation omitted)). In other words, an ALJ must be fairly precise with their language and analysis to show they applied the correct legal standard.

For instance, in *Guzman v. Berryhill*, the ALJ concluded that "[t]he claimant's medically determinable mental impairments . . . do not cause more than *minimal limitation* in the claimant's ability to perform basic mental work activities and are therefore nonsevere." No. EP-

---

[2] In relevant part, SSR 85-28 states:

> [A]t the second step of sequential evaluation it must be determined whether medical evidence establishes an impairment or combination of impairments 'of such severity' as to be the basis of a finding of inability to engage in any [substantial gainful activity]. An impairment or combination of impairments is found 'not severe' and a finding of 'not disabled' is made at this step when medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education or work experience were specifically considered (i.e., the person's impairment(s) has no more than a minimal effect on his or her physical or mental ability(ies) to perform basic work activities.

*Titles II & XVI: Med. Impairments That Are Not Severe*, SSR 85-28 (S.S.A. 1985).

17-CV-312-MAT, 2019 WL 1432482, at *5–6 (W.D. Tex. Mar. 29, 2019) (emphasis added). The court concluded that a "minimal limitation" on a claimant's ability to work does not track the *Stone* standard, *id.* at *6, because *Stone* says an ALJ can conclude that an impairment is not severe only if the impairment is "a *slight abnormality* having such minimal effect on the individual that it *would not be expected to interfere* with the individual's ability to work," *Stone*, 752 F.2d at 110 (emphasis added); *see also Guzman*, 2019 WL 1432482, at *5–6.  Because a "minimal limitation" on one's ability to work is greater than no interference with one's ability to work, the court held that the ALJ did not apply the proper legal standard.  *See Guzman*, 2019 WL 1432482, at *6.

The same is true here.  The ALJ concluded that "the claimant's physical and mental impairments, considered singly and in combination, do not *significantly limit* the claimant's ability to perform basic work activities.  *Thus*, the claimant *does not have a severe impairment* or combination of impairments." R. 25 (emphasis added); *see also* R. 21; R. 24 ("[T]he claimant does not have an impairment . . . that significantly limits his . . . ability to perform basic work activities.").  At other times in his written decision, the ALJ referred to Plaintiff's impairments as imposing "mild limitation[s]" or "slight[] limit[ations]" on certain functional areas relevant to one's ability to work, such as "understanding, remembering, or applying information." R. 24–25 ("Because the claimant's medically determinable mental impairment causes no more than 'mild' limitation in any of the functional areas, it is non-severe.").  The ALJ's language and analysis does not comport with *Stone* or SSR 85-28, especially as applied to Plaintiff's physical impairments.

The ALJ repeats multiple times the "significantly limits" language from 20 C.F.R. § 404.1520(c) that, as discussed, the Fifth Circuit has repudiated.  *E.g.*, *Stone*, 752 F.2d at 1101.

When a person's impairment does not "significantly limit" their ability to work—as the ALJ found here—their impairment can still be severe in the sense that it may be more than "a slight abnormality" that "would not be expected to interfere" with the person's ability to work, as *Stone* requires, or a "minimal effect on an individual's ability to work," as *Keel* and SSR 85-28 allow. *See, e.g.*, *Keel*, 986 F.3d at 556; *Andrews v. Astrue*, 917 F. Supp. 2d 624, 634 (N.D. Tex. 2013) ("[U]nder the *Stone* standard, an impairment that causes *any* interference with work ability, even minimal interference, is severe."). Requiring Plaintiff to show that his impairments cause significant limitations on his ability to work contradicts the fact that, at step two, a claimant need only "make a *de minimis* showing that her impairment is *severe enough to interfere with her ability to work*." *See Anthony*, 954 F.2d at 293 n.5 (emphasis added).

The ALJ's analysis of Plaintiff's mental impairments hews closer to the appropriate standard. The ALJ determined that Plaintiff's mental impairment causes "mild" or "slight" functional limitations with his ability to work, R. 24–25, which, under the relevant regulation, may mean his mental impairments are not severe, 20 C.F.R. § 404.1520a(d)(1) (explaining that a limitation rated "as 'none' or 'mild' . . . will generally" mean a claimant's mental "impairment(s) is not severe, unless the evidence otherwise indicates that there is more than a minimal limitation in [the claimant's] ability to do basic work activities").[3] Even still, the ALJ's ultimate conclusion was that Plaintiff's "physical *and mental* impairments . . . do not *significantly limit*" Plaintiff's ability to work and are, therefore, not severe. R. at 25 (emphasis added). And this is

---

[3] Though the Social Security Administration provides this separate regulation on the process of determining the severity of a claimant's mental impairment, an ALJ examining a claimant's mental impairment must still apply the *Stone* standard. *E.g.*, *Andrews v. Astrue*, 917 F. Supp. 2d 624, 634–35 (N.D. Tex. 2013).

exactly the strict definition of severity that the Fifth Circuit has rejected as inconsistent with the Social Security Act. *See, e.g.*, *Stone*, 752 F.2d at 1101.

It's true that the ALJ invoked SSR 85-28 when setting out the applicable law, R. 19, but citation to the standard alone does not mean the ALJ in fact applied the correct standard in his analysis. Here, where the ALJ determined that Plaintiff is not disabled at step two, *see Stone*, 752 F.2d at 1106, there is no indication that the ALJ applied the correct standard, *see Hampton*, 785 F.2d at 1311. The Court can't say, for example, the ALJ's conclusion that Plaintiff's impairments are "mild," "slight," or "do not significantly limit" Plaintiff's ability to work, R. 24–25, shows that the ALJ properly applied *Stone* or SSR 85-28.[4] More important than the ALJ's varying descriptions of the severity of Plaintiff's impairments, by consistently coming back to the significantly limits standard, the ALJ appears to have insisted that Plaintiff show that his impairments significantly limit his ability to work. That's the wrong standard.

What's more, the Court can't decide in this case whether the ALJ's failure to apply the proper legal standard is harmless error because the ALJ did not proceed past step two. *See Keel*, 986 F.3d at 556 ("Even if we were to conclude that the ALJ failed to properly apply the *Stone* standard, such a conclusion does not require an automatic reversal—*if* the ALJ proceeds past step two, we consider whether the error was harmless." (emphasis added)); *cf. Snell v. Chater*, 68 F.3d 466, 1995 WL 581550, at *1 (5th Cir. 1995) (per curiam) (unpublished) ("[T]his court has held that when the ALJ's analysis goes beyond Step Two, i.e., to finding a severe impairment,

---

[4] *See, e.g.*, *Murray v. Kijakazi*, No. 4:20-CV-1707, 2022 WL 824844, at *3 (S.D. Tex. Mar. 18, 2022) (holding ALJ applied wrong legal standard when concluding claimant's impairments "did not significantly limit" his ability to work); *Garcia v. Kijakazi*, No. 4:20-CV-2137, 2022 WL 816481, at *4 (S.D. Tex. Mar. 16, 2022) (similar); *Traci L.B. v. Kijakazi*, No. 3:21-cv-01497-S-BT, 2022 WL 3348956, at *5 (N.D. Tex. July 27, 2022) (holding ALJ applied wrong legal standard because "the ALJ appear[ed] to have required 'remarkable' evidence of psychiatric impairment"); *Walker v. Colvin*, 2015 WL 5836263, at *10–11 (N.D. Tex. Sept. 30, 2015) (holding the ALJ applied the wrong standard even though the ALJ explicitly cited *Stone*).

specific reference to *Stone* and its requirements is not necessary."). Thus, the proper course of action is for the Court to remand this case for the ALJ's consideration in light of this Memorandum Opinion and Order. *See Stone*, 752 F.2d at 1106 ("Unless the correct standard is used, the claim must be remanded to the Secretary for reconsideration.").

### III. CONCLUSION

The Court **REJECTS** the Magistrate Judge's Report and Recommendation insofar as it concludes that the ALJ applied the proper legal standard at step two of his analysis under 20 C.F.R. § 404.1520(a)(4). The Court does not reach the other portions of the Report and Recommendation because concluding that the ALJ did not apply the proper legal standard is a sufficient reason to remand this case.

The Court **REMANDS** this case to the ALJ for further consideration consistent with this Memorandum Opinion and Order.

**So ORDERED and SIGNED this 14th day of November 2022.**

_____
**DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE**